IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| HUSSEY COPPER LTD., | ) ) | COMPLAINT |
| Defendant. | ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Donald Teaford, who was adversely affected by such practices. As described with greater particularity in Paragraph 8 below, the Commission alleges that Defendant Employer withdrew its offer of employment to Mr. Teaford when it learned of his participation in a supervised drug rehabilitation program. The Commission contends that Defendant discriminated against Mr. Teaford because he has a record of a disability, or because it regarded him as disabled, when it withdrew the offer of employment, in violation of the ADA. As a result of the discriminatory withdrawal of offer of employment, Mr. Teaford suffered backpay as well as front pay losses, and severe emotional distress damages. The Commission also contends that Defendant's actions were so egregious as to subject it to punitive damages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1

1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, §24 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f) (10 and (3) of Title VII, 42 U.S.C. § 2000e-5(f) (1).

4. At all relevant times, Defendant Employer, Hussey Copper LTD ("Defendant Employer") has continuously been doing business in the Commonwealth of Pennsylvania and the Town of Leetsdale and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §12111(2).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101 (2) of the ADA, 42 U.S.C. § 12111(2).

2

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Donald Teaford filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least August 2007, Defendant Employer has engaged in unlawful employment practices at its facility in Leetsdale, Pennsylvania, in violation of Section 102 of the ADA, 42 U.S.C. §§ 12112(a) and (b)(1) by discriminating against Mr. Teaford because he is a recovering addict in a supervised rehabilitation program. The unlawful employment practices include the following:

(a) On or about July 25, 2007, Donald Teaford applied for employment with Defendant Employer.

(b) On or about July 27, 2007, Defendant Employer verbally extended a conditional offer of employment to Mr. Teaford, conditioned on him passing a physical and background check.

(c) On or about July 30, 2007, Mr. Teaford submitted to a pre-employment physical. The resulting blood and urine tests revealed the presence of methadone in his system.

(d) Dr. Nackley, Defendant's agent, contacted Mr. Teaford regarding the test results. Mr. Teaford explained that he was participating in a supervised methadone treatment program through Health Masters, Inc.

(e) At Mr. Teaford's request, Health Masters provided Dr. Nackley with information about Mr. Teaford's successful and compliant participation in the treatment program.

3

(f) Defendant took no further steps to determine the effect, if any, of the methadone treatment on Mr. Teaford.

(g) Because of Mr. Teaford's participation in the supervising drug treatment program Defendant regarded Mr. Teaford as disabled.

(h) Mr. Teaford's past medical records reveal that he has a history of disability in that he was disabled in the past due to an addiction, in that his addiction rendered him substantially impaired in major life activities in the past.

(i) Defendant failed to make an individualized assessment of whether Mr. Teaford would be a direct threat to himself or others in the workplace, due to his employment. Rather, it decided not to hire Mr. Teaford, without any objective medical or factual evidence to support its direct threat defense.

9. The effect of the practices complained of in Paragraph 8 above has been to deprive Donald Teaford of equal employment opportunities and otherwise adversely affect his status as an employee because: (a) Defendant Employer regarded him as disabled; (b) because he has a record of a disability; (c) because Defendant Employer incorrectly viewed him as a drug addict; and, (d) because Defendant Employer assumed that Mr. Teaford would be a threat to himself or others if he were employed as a Laborer or in any other job at its facility.

10. The unlawful employment practices complained of in Paragraph 8 above were intentional.

11. The unlawful practices complained of in Paragraph 8 above were done with malice or reckless indifference to the federally protected rights of Mr. Teaford.

**PRAYER FOR RELIEF**

WHISEFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of disability, including but not limited to discharging an employee who is participating in a supervised drug rehabilitation program. .

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals who have records of disabilities or who are reformed drug addicts participating in supervised rehabilitation programs, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Mr. Teaford by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its past practices including but not limited to rightful place reinstatement or front pay.

D. Order Defendant Employer to make whole Mr. Teaford by providing compensatory damages for past, present and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above in amounts to be determined at trial.

E. Order Defendant Employer to make whole Mr. Teaford by providing compensation for past, present and future nonpecuniary losses resulting from the unlawful practices described in paragraph 8 including but not limited to depression, humiliation, emotional pain, suffering, anxiety, and stress, in amounts to be determined at trial.

F. Order Defendant Employer to pay Mr. Teaford punitive damages for its malicious and reckless conduct described in paragraph 8 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

      For: **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

RONALD S. COOPER
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
WASHINGTON, D.C.

*/s/ Jacqueline H. McNair*
JACQUELINE H. MCNAIR
REGIONAL ATTORNEY

*/s/ Judith A. O'Boyle*
JUDITH A. O'BOYLE
SUPERVISORY TRIAL ATTORNEY

*/s/ M. Jean Clickner (JOB)*
M. JEAN CLICKNER
TRIAL ATTORNEY
PA. I.D. NO. 42738
Pittsburgh Area Office
Liberty Center, Suite 300
1001 Liberty Avenue
Pittsburgh, PA 15222
(412) 644-6439
(412) 644-4935 (facsimile)