# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) |
| Plaintiff, | ) ) Civil Action No. 08-809 |
| v. | ) ) |
| HUSSEY COPPER LTD., | ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM ORDER

### I.   Introduction

This matter comes before the Court on Plaintiff's Motion to File an Amended Complaint filed on February 27, 2009. (Docket No. 19). Defendant filed a Response to said Motion on March 9, 2009 (Docket No. 20), and on March 10, 2009, Plaintiff filed a Reply thereto. (Docket No. 21). For the reasons discussed herein, Plaintiff's Motion to File an Amended Complaint (Docket No. 19) is GRANTED.

### II.   Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." FED.R.CIV.P. 15(a). "This liberal amendment philosophy limits the district court's discretion to deny leave to amend." *Binswanger of Pennsylvania, Inc. v. Tru Serv Corp.*, 2003 WL 22429059, at *4 (E.D. Pa. May 21, 2003). "[M]otions to amend pleadings should be liberally granted," *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir.2004), and "[l]eave to amend must generally be granted unless equitable considerations render

1

it otherwise unjust," *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006)(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility." *Arthur*, 434 F.3d at 204; *see also Foman*, 371 U.S. at 182 ("In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given'"). However, in this Circuit prejudice to the non-moving party is the touchstone for denial of leave to amend. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). "Unless the opposing party will be prejudiced, leave to amend should generally be allowed." *Charpentier v. Godsil*, 937 F.3d 859, 864 (3d Cir. 1991).

"The denial of a motion to amend a complaint based on the movant's undue delay must be based on more than the mere passage of time." *Logan v. In-Ter-Space Services, Inc.*, Civil A. No. 07-0761, 2007 WL 2343868, at *2 (E.D. Pa. Aug. 15, 2007). "However, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Id.* (citing *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir.2001) (citation and quotations omitted)). While "[t]he question of undue delay, as well as the question of bad faith, requires that [a court] focus on the [moving party's] motives for not amending their complaint to assert this claim earlier; the issue of prejudice requires that [a court] focus on the effect on the [non-moving party]." *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir.1984). "Specifically, we have considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton*, 252 F.3d at 273 (citing *Adams*, 739 F.2d at 869). Given the liberal standard under Rule 15(a), "the burden is on

2

the party opposing the amendment to show prejudice, bad faith, undue delay, or futility." *Chancellor v. Pottsgrove Sch. Dist.*, 501 F.Supp.2d 695, 700 (E.D. Pa. 2007).

**III. Discussion**

*A. Overview of the Arguments*

Plaintiff has moved to amend its complaint to withdraw its claim for compensatory and punitive damages under the Civil Rights Act of 1991, 42 U.S.C. § 1981, because the evidence revealed during discovery, particularly the charging party Donald Teaford's deposition testimony, does not present a compelling basis for such damages. (Docket No. 19 at 1-2). As Plaintiff now only wishes to pursue its claim for equitable relief in the form of back pay and front pay, as well as injunctive relief, it contends that neither party has a statutory nor constitutional right to a jury trial and amendment will "streamline the trial and foster economic use" of judicial resources. (*Id.*). Plaintiff argues that amendment will not prejudice Defendant because it will relieve it of potential liabilities, and notes that Plaintiff is not seeking to add new claims or new theories of liability. (*Id.* at 3). Thus, there are no substantive grounds for denying the instant motion. (*Id.*).

In response, Defendant states that Plaintiff has delayed almost five months beyond the Court's deadline for amendment of October 5, 2008 (*see* Docket No. 12) and, despite the fact that Defendant agrees that Mr. Teaford's testimony does not justify compensatory damages, Plaintiff fails to explain how his testimony changed from his prior statements to Plaintiff in its initial investigation. (Docket No. 20 at 2-3). Defendant contends that this delay in moving to amend has caused prejudice to its defenses to Plaintiff's claims because it has been litigating this matter with the understanding and reliance upon the fact that this case would be tried by a jury. (*Id.* at 4). While Defendant does dispute Plaintiff's assertion that a claim for equitable relief does not warrant a jury trial according

3

to the law,[1] it argues that Plaintiff has acted in bad faith due to the lengthy delay in seeking leave to amend. (*Id.* at 5). Defendant also argues that Plaintiff's motion to amend is for tactical reasons only, that is, Plaintiff's attempts to amend are being done entirely to avoid a jury trial. (*Id.*). To that end, Plaintiff had extensive opportunities to interview Mr. Teaford at the administrative stage and has failed to specify how the evidence has substantially changed. (*Id.*). Furthermore, Plaintiff's reliance on Mr. Teaford's testimony to explain the delay in seeking to amend is undermined by the amount of time between his deposition and the filing of the instant motion (six weeks), and the timing of a settlement conference held in this matter (approximately three weeks before this motion was filed) (*see* Docket No. 17). (Docket No. 20 at 7).[2] Defendant then contends that this time line along with the fact that Plaintiff's motion is not based on new evidence strongly suggest that Plaintiff is seeking to amend solely to remove the jury as factfinder. (*Id.*).

In its reply, Plaintiff argues that Defendant cannot show prejudice on the basis of bad faith and undue delay. (Docket No. 21 at 2-3). Specifically, the instant motion is not seeking to circumvent a prior ruling by this Court nor is it seeking to add new theories of liability. (*Id.*). As to the timing of the motion, Plaintiff's counsel points out that during the time period between Mr. Teaford's deposition on January 15, 2009 and the filing of the motion on February 27, 2009,

---

[1]

Specifically, Defendant does not dispute Plaintiff's argument that there is no constitutional right to a jury trial in suits where only equitable relief is sought. (Docket No. 20 at 3 n.1; Docket No. 19 at 4 (citing *Chaffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990)(the Seventh Amendment right to a jury trial only extends to "suits at common law" which refers to suits in which legal rights are at issue, in contradistinction to equitable rights alone)(quotations and citations omitted)). The Court further notes that the United States Court of Appeals for the Third Circuit considers back pay and front pay as forms of equitable relief. *See Blum v. Witco Chem. Corp.*, 829 F.2d 367 (3d Cir. 1987); *Eshelman v. Agere Sys.*, 554 F.3d 426, 44-41 (3d Cir. 2009(citing *Spencer v. Wal-Mart Stores, Inc.*, 469 F.3d 311 (3d Cir. 2006)).

[2]

Defendant does acknowledge that Plaintiff did inquire with Defendant's counsel as to whether it would concur with this motion about a month after Mr. Teaford's deposition. (Docket No. 20 at 7).

Plaintiff's counsel was not "dallying" but was preparing for trial and involved in arduous settlement negotiations in another case before this Court. (*Id.* at 3). Moreover, Plaintiff contends that it has a duty to mold this litigation to the facts as they develop through discovery and that Defendant has known Plaintiff's claims and theories of liability since the initiation of this lawsuit. (*Id.*). Thus, there is no subterfuge here that has caused prejudice to Defendant. (*Id.*). The Court now addresses each of the Defendant's arguments, in turn.

B.     *Undue Delay*

First, as to undue delay, the Court finds credible Plaintiff's assertion that Mr. Teaford's deposition testimony revealed that its claim does not provide a basis for compensatory or punitive damages, which Defendant acknowledges. Thus, it did not learn of the need to amend until January of 2009, three months after this Court's deadline regarding amendment had passed. In this Court's estimation, it is possible that Plaintiff became apprised of information through Mr. Teaford's deposition testimony that it may not have had during its initial administrative investigation. As to the six week gap between the deposition and Plaintiff's filing of its motion, the Court is aware that Plaintiff's undersigned counsel was indeed preparing for trial and was engaged in settlement negotiations in another matter before this Court. *See EEOC v. Mask Enterprises, LLC*, Civ. A. No. 07-359 (W.D. Pa. 2007). Therefore, the Court finds that Plaintiff's delay in seeking the instant relief is understandable. *See Logan v. In-Ter-Space*, Civ. A. No. 07-0761, 2007 WL 2343868, *2 (E.D. Pa. Aug. 15, 2007)(finding that five month delay in seeking leave to amend was "understandable and reasonable") (citing *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir.2006) (providing that "only one appellate court uncovered in our research has approved of denial of leave to amend based on a delay of less than one year" and that "a period of eleven months from commencement of an action

5

to the filing of a motion for leave to amend is not, on its face, so excessive as to be presumptively unreasonable")).

### C. Bad Faith

Second, as to bad faith, Defendant has not proffered any evidence of bad faith beyond making the bald allegation that Plaintiff's motion is purely subterfuge. Further, as discussed above, the Court finds that Plaintiff's five month delay in filing the instant motion was reasonable, and thus said delay does not support a finding of bad faith. Also, this Court does not find that Plaintiff is attempting to circumvent a prior ruling by this Court.

### D. Prejudice

Third, as to prejudice, while the allowance of Plaintiff's proposed amended complaint will lead to the removal of the right to a jury trial, that right never attached to Plaintiff's claim for equitable relief because that claim is to be decided by this Court and not a jury. *See Spencer v. Wal-Mart Stores, Inc.*, 469 F.3d 311, 315 (3d Cir. 2006); *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 853-54 (2001); *Blum v. Witco Chem. Corp.*, 829 F.2d 367 (3d Cir. 1987). Therefore, Defendant did not have right to a jury trial on that claim in the first instance. Furthermore, Rule 38 provides that *any* party may demand a jury trial on any issue "triable of right by a jury." FED. R. CIV. P. 38(b). Here, the only issue triable by a jury and upon which a demand was made by Plaintiff was its claim for punitive and compensatory damages.[3] While Defendant will lose the opportunity to defend this case to a jury, amendment will remove the specter of both punitive and compensatory damages. Further, a non-jury trial shortens the time in trial, thereby reducing the expense of

---

[3] The Court notes that Defendant has not made a jury demand in any of its filings on the docket in this matter.

litigation.[4] Additionally, given the state of the record at this stage of the proceeding, Plaintiff is entitled to amend its pleading to conform to the evidence.[5] The Court also notes Defendant has agreed that the evidence revealed in discovery does not support a claim for compensatory and punitive damages, and has acknowledged that without these claims, the Court would likely be compelled to remove the right to a jury. (*See* Docket No. 20 at 4 n.2)

**IV.     Conclusion**

Based on the foregoing, the Court finds that Defendant has failed to meet its burden to show prejudice, bad faith, and/or undue delay sufficient to overcome the arguments raised by Plaintiff's motion to amend. Accordingly, Plaintiff's Motion to Amend its Complaint [19] is **GRANTED**. Plaintiff shall file its Amended Complaint on or before April 22, 2009.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated:      April 2, 2009
CC/ECF:    All counsel of record.

---

[4] The Federal Rules of Civil Procedure are to be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. Furthermore, it is this Court's mission is "to preserve and enhance the rule of law while providing an impartial and accessible forum for the *just, timely and economical resolution* of legal proceedings within the court's jurisdiction, so as to protect individual rights and liberties, promote public trust and confidence in the judicial system, and to maintain judicial independence." http://www.pawd.uscourts.gov (last visited April 2, 2009)(emphasis added).

[5] *See* Fed. R. Civ. P. 15(b)(amendment to conform to the evidence may be made at any time); 3 J. Moore, Federal Practice p.15-168 (2d ed. 1984)(Rule 15(b) amendment should be allowed "so long as the opposing party has not be prejudiced"); 6 C. Wright & A. Miller, Federal Practice and Procedure § 1491 (1971 ed. & Supp. 1983)(Rule 15(b) "is intended to promote the objective of deciding cases on their merits rather than in terms of the relative pleading skills of counsel"); *Id.* ("[c]ourts are to interpret Rule 15(b) liberally and permit an amendment whenever doing so will effectuate the underlying purpose fo the rule"); *see also Schultz v. Cally*, 528 F.2d 470, 474 n.9 (3d Cir. 1975)(amendment to conform should be liberally granted).